REX B. JEPPSEN & JEAN M. JEPPSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jeppsen v. Commissioner
Docket Nos. 347-75, 9561-75.
United States Tax Court
T.C. Memo 1976-322; 1976 Tax Ct. Memo LEXIS 83; 35 T.C.M. (CCH) 1452; T.C.M. (RIA) 760322; October 19, 1976, Filed Rex B. Jeppsen and Jean M. Jeppsen, pro se. James D. Vandever, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined deficiencies in petitioners' Federal income tax for 1972 and 1973 in the respective amounts of $2,037.72 and $2,556. Other issues having been settled, the only issue remaining for decision is whether petitioner Rex B. Jeppsen is entitled under section 162(a) [1]/ or 212 to deduct certain amounts as expenses *84 for meals and lodging incurred in the course of business travel away from home during the years in controversy. FINDINGS OF FACT Petitioners Rex B. and Jean M. Jeppsen, husband and wife, were legal residents of Long Beach, California, at the time their petition was filed. They filed timely joint Federal income tax returns for 1972 and 1973.For convenience, Rex B. Jeppsen will be referred to hereinafter as petitioner. Beginning in 1941, petitioner was employed in the Federal civil service. In 1959, he was transferred to the Federal Aviation Administration (hereinafter referred to as FAA), where he worked until December of 1965. Effective sometime in December 1965, petitioner was placed on indefinite leave by the FAA, pending an examination to determine whether he was suffering from a psychiatric disability; he was ultimately relieved of his position. After leaving FAA, petitioner searched for work in the southern California area. In the early months of 1967, he worked for short periods with General Motors Corporation and Pacific *85 Ordinance. In April of 1967, petitioner moved to Utah where he opened a Yamaha International Corporation (hereinafter Yamaha) dealership, which he operated with two of his brothers. In a letter dated May 2, 1968, petitioner was advised by Yamaha that his franchise was terminated, effective within 30 days after that date. Petitioner has objected, and continues to object, to Yamaha's termination ofhis franchise, and his efforts to reverse that action have included contacts with the Utah Attorney General, the Logan Utah County Attorney, the California Attorney General, and private attorneys. He has never actually filed a suit against Yamaha. The headquarters of Yamaha are located in the Los Angeles area, and petitioner returned to southern California in May of 1968. Since 1968, he has lived at several addresses and worked for various employers there. From 1970 until the date of the trial, he worked primarily on the swing shift at Douglas Aircraft in the Los Angeles area. All the income received by petitioner in 1972 and 1973 was derived from employment in California. Petitioner was born in Utah and has six brothers and a sister living there. He owns 96 acres of Utah *86 land and an adjoining lot on which are located an unoccupied house trailer and garage. Petitioner spends approximately $500 per year for taxes and upkeep in connection with his land in Utah. He holds a Utah drivers license and has one car registered in Utah and another registered in California. He is registered to vote in Utah and last voted there by absentee ballot in July 1976. In the last five years, petitioner has made the following trips to Utah: Year
No. of Trips
1972
3
1973
2
1974
2
1975
6
1976
5
In the joint returns in controversy, petitioner deducted $9,665 in 1972 and $12,740 in 1973 as business expenses. Respondent has agreed that, of these amounts, petitioner is entitled to deductions of $540 in 1972 and $400 in 1973 as travel expenses. The deductibility of the remainder of these amounts is in dispute. OPINION Section 162(a)(2) [2]/ allows a deduction for "traveling expenses * * * while away from home in the pursuit of a trade or business." To qualify for the deduction, however, the expenses must be reasonable and necessary, must be incurred in the pursuit of a business, and must be incurred while "away from home". . *87 A taxpayer's "home" is not necessarily the place of his domicile, but is his abode in the vicinity of the place of his permanent or indefinite employment. . Section 212 [3]/ allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year for, among other purposes, the production or collection of income and the management, conservation, or maintenance of property held for the production of income. Section 212 does not enlarge the range of allowable deductions of section 162(a)(2), but refers to expenses connected with gainful activities which fall short of a trade or business. . *88 Petitioner steadfastly contends that, during 1972 and 1973, Utah was his "home" and that he was away from home during these years seeking to compel Yamaha to restore his franchise. He maintains that, in order to handle his Yamaha dispute, he was required to spend his time in the Los Angeles area. On this ground, he seeks to deduct $25 per day in 1972 and $35 per day in 1973 for the cost of his meals and lodging. We recognize the earnestness with which petitioner maintains that both FAA and Yamaha have mistreated him, but relevant sections 162(a)(2) and 212 of the tax laws do not provide for the correction of such wrongs, whether real or not, through the allowance of deductions of the type claimed herein. The stipulation of facts establishes that petitioner has lived and worked in southern California since May *89 of 1968 and has worked for Douglas Aircraft in the Los Angeles area since 1970. All the income received by petitioner in 1972 and 1973 was derived from employment in California. Under these facts, it is clear that petitioner's "home" during 1972 and 1973, within the meaning of section 162(a)(2), was his abode in the vicinity of his employment in the Los Angeles area. Thus, petitioner was not "away from home" while working in the Los Angeles area during the period in issue and is not entitled under section 162(a)(2) to deduct the cost of his meals and lodging for that period. Nor does section 212 support petitioner's claimed deductions for 1972 and 1973. Although petitioner's presence in southern California during the years in issue may have assisted him in handling his long-term disputes with FAA and Yamaha, expenses incurred under the circumstances here involved, without more, are simply not of the type contemplated by section 212. Petitioner's "tax" home was his abode in the vicinity of his employment in southern California, and he is not entitled under section 212 to deduct the cost of meals and lodging while living at his home. To reflect the disposition of other issues *90 which have been settled, Decisions will be entered under Rule 155. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.
2. / SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * *↩
3. / SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year- (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income; * * *↩